**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM H. BRUCE, III,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1595-Orl-22DAB**

**KEVIN BEARY, RANDALL ROOT,**
**KENNETH GLANTZ, and EDWARD**
**KELLY,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEFENDANT KEVIN BEARY'S RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS TO PRODUCE (Doc. No. 58)** |
| **FILED:** | **March 20, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part. | |
| **MOTION:** | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. No. 62)** |
| **FILED:** | **April 3, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part. | |

Plaintiff is suing Defendants for claims arising from his arrest on January 15, 2001 by members of the auto theft unit of the Orange County Sheriff's Office for possession of loose vehicle

identification number plates and VIN stickers in violation of Florida Statute § 319.30(5)(b). Plaintiff seeks to compel production of certain documents relating to dismissals or suppressions stemming from search warrants, relating to all search warrants, and search warrants based on affidavits from the individual Defendants. Based on the representations of counsel, the Court will narrow the production of such documents (in First Requests No. 9, 10, 11) to those arising in auto theft or "chop shop" investigations for the time period 1998-2003.

Plaintiff also seeks documents relating to citizen complaints, internal affairs records, settlements and lawsuits arising from allegedly illegal searches, or against the individual Defendants. Plaintiff further seeks documents regarding citizen complaints, internal affairs records, settlements and lawsuits involving the individual Defendants. Defendants have agreed to produce the documents sought in Request No. 13, concerning the individual Defendants, for the time period 1998-2003. As to the documents relating to citizen complaints, internal affairs records, settlements and lawsuits arising from allegedly illegal searches (Request No. 12), Defendants' counsel will find out how those documents are stored and, if accessible, Plaintiff's counsel can look through them, or if there is a significant cost to retrieve them, Plaintiff will be responsible for such payment. Plaintiff will also be responsible for payment of any copies.

Plaintiff also seeks documents relating to policies and procedures on preparing reports about complaints about unreasonable searches and seizures; this Request (No. 19) will be limited to auto theft or "chop shop" investigations for the period from 1998-2003. Plaintiff also seeks all documents upon which Defendants intend to rely, which were not otherwise produced (Request No. 32). The Court finds this request to be too vague, except as to any documents regarding policies Defendants intend to use at trial or in connection with any dispositive motion..

Plaintiff seeks to compel the production of training materials used by, or in the possession of, the Orange County Sheriff's Office or the individual Defendants (Request Nos. 24, 25, 26). Defendants objected to the request as overly broad and unduly burdensome. According to the affidavit of Captain Dave Ogden, the Training Coordinator from 2001 to 2005, there is a plethora of training programs in which Sheriff's Office employees participate each year and the amount of documentation required to respond to Plaintiff's request is "extremely large." Doc. No. 61-2. "The requested documentation would include all of the records on file at the Training Division which is a room filled with files both in hard format as well as electronic format." *Id*. It is **ORDERED** that Plaintiff's counsel or his representative will be allowed to look through them, and Plaintiff will be responsible for payment of any copies.

As to training materials related to auto theft investigations, Defendants seek a protective order to prevent disclosure of the course materials from an advanced auto theft training seminar attended by members of the auto theft unit, conducted by the Metropolitan Police Institute in Miami, Florida entitled "Motor Vehicle Identification and Auto Theft Symposium." Defendants contend that the course is widely used by law enforcement agencies throughout the United States as a training tool to train detectives regarding advanced auto theft investigation techniques; Defendants argue that disclosure could have an impact on auto theft investigations throughout Florida and other states. The Sheriff's Office does not maintain a copy of the course materials, but the individual deputies who attended the course do. Defendants wish to maintain the confidentiality of the course materials because they contain sensitive information about auto theft investigative techniques. It is **ORDERED** that Defendants will produce to Howard Marks, Esq., a single copy of the manual from the "Motor Vehicle Identification and Auto Theft Symposium" which will be marked "Attorney's Eyes Only"

and remain in Mr. Marks office. If, after Mr. Marks has had a chance to review the copy, he feels that he needs an additional copy or to use information contained in the manual at trial, he will discuss the matter with Defendants' counsel, and if agreement is not reached, return to the Court for further ruling. The Symposium manual will be returned at the completion of the case.

In his Second Request for Production No. 1, Plaintiff seeks to compel notes relating to a review of Plaintiff's documents seized by the Defendants during the search of his property. Defendants contend that twenty-seven pages of notes created by a paralegal in Defendants' counsel's office after reviewing various documents in the Sheriff's possession are protected by the work-product privilege because they were prepared in anticipation of trial (in the forfeiture case). Defendants also contend that the underlying documents that were reviewed have been returned to Plaintiff pursuant to an order in a companion forfeiture case.

Pursuant to Rule 26(b)(3), a party may obtain discovery of documents protected by the work product doctrine "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FED.R.CIV.P. 26(b)(3); *see also United Kingdom v. United States,* 238 F.3d 1312, 1322 (11th Cir.2001) ("[C]ourts have generally explained in civil matters that to overcome the work product privilege a person must show both a substantial need for the information and that seeking the information through other means would cause undue hardship.").

Plaintiff contends that some of the underlying documents were never returned and that they should not have been seized in the first place based on the search warrant being executed; because these documents are now lost, the only evidence of which documents were seized by Defendants is

the paralegal's notes.  Central to the dispute is the custody of the seized records[1] and the quality/paucity of the descriptions on the Sheriff's custody forms.  Plaintiff contends that Defendant seized thousands of pages of records and lost hundreds, if not thousands, including titles to vehicles, attorney-client documents, and financial records, all of which contributed to the failure of Plaintiff's business.  Defendants concede that the paralegal's notes describe documents relating to child support disputes, income tax returns, real and tangible personal property disputes, and the Bruce Trust.  Doc. No. 61-1 at 5-6.

The Court finds that Plaintiff has a substantial need of the materials to prepare his case, particularly as it relates to Defendants' search and procedures for seizing (and maintaining) business records.  Based on Plaintiff's counsel's representations, hundreds of the documents at the core of the dispute are now lost, and Plaintiff is unable to obtain the documents of the documents by other means.  In addition, the twenty-seven pages of paralegal notes are more in the nature of a clerical document or inventory of documents rather than "opinion" work product reflecting attorney-level mental impressions.  It is **ORDERED** that the twenty-seven pages of paralegal notes be produced to Plaintiff within five days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

---

[1] Plaintiff's counsel argued at the hearing that one document prepared by the Sheriff's Office says, "We lost the documents."

Counsel of Record