**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WILLIAM H. BRUCE, III,**

> **Plaintiff,**

**-vs-**                                                    **Case No.  6:04-cv-1595-Orl-22DAB**

**KEVIN BEARY, RANDALL ROOT,
KENNETH GLANTZ, and EDWARD
KELLY,**

> **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

> This cause came on for consideration without oral argument on the following motion filed

herein:

> | | |
> |---|---|
> | **MOTION:** | **PLAINTIFF'S MOTION TO DISALLOW DEFENDANTS' REQUEST FOR COSTS AND BILL OF COSTS (Doc. No. 113 )** |
> | **FILED:** | **September 5, 2006** |

> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

> On October 28, 2004, Plaintiff filed suit against the Orange County Sheriff in his official

capacity and several deputies under 42 U.S.C. § 1983 concerning a search and seizure of vehicles at

Plaintiff's property.  Doc. No. 1.  The Court granted summary judgment to Defendants on August 17,

2006.  Doc. No. 103, 104.  In accordance with the Judgment, Defendants are entitled to their costs,

as allowable under  28 U.S.C. § 1920 and pursuant to Federal Rule of Civil Procedure 54(d).

Defendants timely filed their Bill of Costs against Plaintiff and the Clerk taxed these costs on August 24, 2006. Doc. Nos. 105, 106. Plaintiff seeks review of the Defendants' Bill of Costs, arguing that they are not entitled to recover expenses for unspecified copies and deposition costs under 28 U.S.C. § 1920. Doc. No. 113.

**Fees of the Court Reporter**

Plaintiff contends that the cost of deposition transcripts should not be allowed because no supporting invoices have been submitted to ascertain whether there are charges for mini-script copies or expedited services. In addition, Plaintiff specifically objects to taxing the costs for the depositions of Melvin Tucker (Plaintiff's law enforcement expert) and Robert Sanders (Plaintiff's accountant), which were not used in the case. The Court finds these depositions were necessarily obtained for use at trial (in the event they had been necessary), and Defendants are entitled to recoup these costs.

Defendants submitted the itemized invoices to Plaintiff when they received a copy of his motion opposing the bill of costs partially on that basis. *See* Doc. No. 119. While the Court agrees with Defendants that the transcript charges were necessarily incurred, the cost for expedited transcripts or extra copies are not recoverable on this record. As the invoices do not break out the expedited charges or copies as a separate item, the Court deducts **$349.02** from the award in this category.

**Fees for Copies**

Defendants claim $1,900.65 in costs for photocopying charges, but make no effort to explain all of the charges, short of conclusory statements that Defendants are entitled to recover costs for copies of documents necessarily used for the case and it is administratively impractical and overly burdensome to require that each copy charge be itemized. This is not enough to sustain the award.

> The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D. Ga. 1992) (Forrester, J.); *Desisto College,* 718 F.Supp. at 914. A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made. *Corsair Asset Management, Inc.,* 142 F.R.D. at 353.

*Helms v. Wal-Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *affirmed* 998 F.2d 1023 (11th Cir. 1993). The Court agrees with Plaintiffs that the award should be modified to reflect only those charges reasonably identified. Based on review of the file and the number of exhibits needed to be copied, the Court allows **$1000.00** for copying charges.

The Court finds that some of the costs to which Plaintiff objects are not taxable. Therefore, it is **RESPECTFULLY RECOMMENDED** that revised award of costs should be entered taxing costs for Defendants against Plaintiff for **$5634.29.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy